Robert C. DUNCAN, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary, United States Department of Health and Human Services, Defendant.

No. C-C-79-385.

United States District Court, W. D. North Carolina, Charlotte Division.

Nov. 17, 1980.

Jeffrey L. Bishop, Charlotte, N. C., for plaintiff.

Wayne C. Alexander, Asst. U. S. Atty., Charlotte, N. C., for defendant.

McMILLAN, District Judge.

This case was heard on November 14, 1980, upon cross motions for summary judgment.

The plaintiff has a severe case of emphysema which, according to the weight of all the evidence, medical and otherwise, leaves him disabled to pursue any of the occupations he has recently attempted to pursue, including the job of security guard. He has a psychological handicap in this proceeding, in that his age is only thirty-four. There is some temptation to defer facing the issue by affirming the administrative law judge's decision and advising plaintiff that he has until September of 1982, according to the records, to file a new claim.

However, while the matter is being litigated I think the issues ought to be faced squarely and on their merits, and under a procedure which provides a full opportunity to present the claims of all parties.

The administrative law judge based his decision adverse to plaintiff on three erroneous propositions:

1.  That the household work which the plaintiff testified he did is comparable in its strenuous character to plaintiff's job as security guard.

2.  The administrative law judge's own interpretation, completely unsupported by medical evidence, of the effect of some of the blood gas studies.

3.  A one-page report from an unidentified person apparently named Sen, who said, without the slightest bit of back-up data, "THIS CLAIMANT HAS NO IMPAIRMENT(S) THAT CAUSE SIGNIFICANT RESTRICTIONS IN FUNCTIONAL CAPACITY." [Exhibit 22, R.p. 12.]

The case is therefore remanded to the Secretary with instructions to conduct a new hearing and to afford the plaintiff the opportunity to present further evidence on his present capacity to perform gainful em-

ployment. On any further decision it is suggested that the administrative law judge not attempt to base a decision upon items as shaky as the Sen paper nor upon his own expertise as a doctor by contrast with the clearly spoken opinions of the doctors who in fact examined, treated and reported about the plaintiff's condition.

IT IS SO ORDERED.